SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
DEREK R. HAVEL, Cal. Bar No. 193464
dhavel@sheppardmullin.com
NORA K. STILESTEIN, Cal. Bar No. 280692
nstilestein@sheppardmullin.com
DAVID A. ALVAREZ, Cal. Bar No. 322976
dalvarez@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:   213.620.1780
Facsimile:   213.620.1398

Attorneys for Defendant DVA RENAL
HEALTHCARE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUAN HERNANDEZ, an individual,, <br><br> Plaintiff, <br><br> v. <br><br> DVA RENAL HEALTHCARE, INC., a corporate entity form unknown; and DOES 1-50, inclusive, <br><br> Defendant. | Case No. <br><br> **DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)** <br><br> *[Filed concurrently with Declarations of Grace Garcia, La Sonya Richmond and Derek Havel]* <br><br> State Court Complaint filed:  August 11, 2020 – Los Angeles County Case No. 20STCV30315 |

-1-

DEFENDANT'S NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant DVA Renal Healthcare, Inc. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division.  This Court has diversity jurisdiction over Plaintiff Juan Hernandez's ("Plaintiff") lawsuit pursuant to 28 U.S.C. § 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000.

The following is a plain statement of the grounds for removal and listing of the pleadings to date:

## THE PLEADINGS

1. **The Complaint**:  On August 11, 2020, Plaintiff filed a Complaint against Defendant in the Superior Court of the State of California, County of Los Angeles, Case No. 20STCCV30315 (the "Complaint").  A true and correct copy of the Complaint is attached hereto as **Exhibit A.**  A true and correct copy of the Summons for the Complaint is attached hereto as **Exhibit B**.

2. The Complaint was served on Defendant on September 3, 2020.  A true and correct copy of Plaintiff's Proof of Service is attached hereto as **Exhibit C.**

3. The Complaint purports to assert claims for relief arising out of Plaintiff's employment with Defendant.  Specifically, Plaintiff brings claims for: (1) discrimination; (2) failure to accommodate; (3) failure to engage in the interactive process; (4) failure to prevent discrimination; (5) retaliation; (6) wrongful termination; and (7) unfair business practices.  (Exhibit A.)

4. **The Response**:  On September 30, 2020 Defendant filed its Answer to Plaintiff's unverified Complaint.  A true and correct copy of the Answer is attached hereto as **Exhibit F.**

-2-

## TIMELINESS OF REMOVAL

5.     Pursuant to 28 U.S.C. § 1446(b), Defendant filed this Notice of Removal within the time permitted for removal of civil actions.  This Notice of Removal is timely because it is filed within thirty (30) days of Plaintiff's service of the Complaint on Defendant.  28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

6.     **Plaintiff's Citizenship:**  Defendant is informed and believes that Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California.  Throughout the duration of his employment with Defendant in California, Plaintiff was domiciled in California; he had a California home address and worked at a California facility.  (Declaration of Grace Garcia ¶ 3.)  To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Defendant is therefore informed and believes that Plaintiff is, or was at the institution of this civil action, a citizen and resident of California.

7.     **Defendant's Citizenship:**  DVA Renal Healthcare, Inc. is not a citizen of California.  Rather, Defendant is a citizen of Tennessee and Colorado.  For diversity purposes: "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business …" 28 USC § 1332(c)(1).  The phrase "principal place of business" refers to the place where a corporation's officers "direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  This is often referred to as the corporation's "nerve center."  *Id.*

Here, Defendant is incorporated under the laws of Tennessee.  (Declaration of

-3-

La Sonya Richmond ("Richmond Decl."), ¶ 3.)  Its principal place of business is located in Denver, Colorado.  (*Id.*)  Defendant's corporate headquarters, located at 2000 16th Street, Denver, Colorado 80202, is the actual center of direction, control, and coordination of all major executive and administrative operations.  (Richmond Decl., ¶¶ 6, 7.)  The respective officers for these departments work in Denver, Colorado and are responsible for developing policies and protocols for Defendant's operations.  (*Id.*)  As such, Defendant's corporate headquarters and nerve center were, at the time of filing of the state court action, and remain so today, in Denver, Colorado.  Thus, Defendant maintains dual citizenship in Tennessee and Colorado. Defendant is not a citizen of California.

8.     **Doe Defendants:**  Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332.  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants 1 through 50, inclusive, does not deprive this Court of jurisdiction.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

9.     This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and accordingly, this Court has original jurisdiction under 28 U.S.C. §§ 1332(a).

10.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) ("*Dart Cherokee*").  Defendant is not obliged to "research, state, and prove the plaintiff's claims for damages."  *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).  Defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal

-4-

that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198.

11. In his Complaint, Plaintiff alleges that he has suffered the loss of wages, salary, benefits, and more in an amount of "at least" three hundred thousand dollars. (Exhibit A, ¶¶ 25, 40, 55, Prayer ¶ 1.)  Where, as here, the allegations of the Complaint specifically allege that Plaintiff is seeking more than $75,000.00 in damages, the amount in controversy minimum is deemed met. *See Dart Cherokee*, 135 S.Ct. at 551 (recognizing that "[i]f the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'"); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 400-04 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

12. **Attorney's Fees:**  The Complaint also alleges that Plaintiff is entitled to recover attorneys' fees. (Exhibit A, Prayer ¶ 5.)  Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory).  A prevailing party on claims arising under the Fair Employment and Housing Act, such as Plaintiff's claims for  disability discrimination and retaliation, may be awarded attorneys' fees.  Cal. Gov't Code §12965(b).  The undersigned counsel has defended numerous claims for alleged discrimination and retaliation against corporate employers.  The undersigned counsel has tried employment-related actions (single-plaintiff and class actions) in state court in California, and is familiar with damages claims made by plaintiffs and awarded by juries in California, as well as claims and awards for attorneys' fees. (Declaration of Derek Havel, ¶¶ 2-3.)  Based on that experience, discovery and settlement discussions consistently reveal that a typical plaintiff in such an action

-5-

regularly seeks more than $75,000, particularly when attorneys' fees are taken into account.  (Havel Decl., ¶ 3.)

13.    **Punitive Damages:**  The Complaint also alleges that Plaintiff is entitled to recover punitive damages.  (Exhibit A, Prayer ¶ 4.)  Punitive damages should be considered when determining the amount in controversy.  *See Simmons*, 209 F. Supp. 2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply demonstrate the potential for large punitive damage awards in employment discrimination cases.").

14.    Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims and prayer for relief, significantly exceeds $75,000.00.

## VENUE

15.    Venue lies in the Central District of California, Western Division, pursuant to 28 U.S.C. Sections 1441, 1446(a), and 84(c)(2). This action originally was brought within a county encompassed by the Central District of California – the Superior Court of the State of California, County of Los Angeles.

## NOTICE OF REMOVAL

16.    This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

17.    In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendant or filed by Defendant are attached hereto as the following exhibits, including:  The Complaint (**Exhibit A**), Summons and Civil Case Cover Sheet (**Exhibit B**), Proof of Personal Service (**Exhibit C**), Notice of Case Assignment (**Exhibit D**), Notice of Case Management Conference (**Exhibit E**), and Defendant's Answer to the Complaint (**Exhibit F**).

-6-

**WHEREFORE**, Defendant requests that the above action pending before the Superior Court of the State of California for the County of Los Angeles be removed to the United States District Court for the Central District of California, Western Division.

Dated:  October 5, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
                    */s/ Derek R. Havel*
DEREK R. HAVEL
NORA K. STILESTEIN
DAVID A. ALVAREZ

Attorneys for Defendant, DVA RENAL HEALTHCARE, INC.

-7-